IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WISE | : CIVIL ACTION |
| v. | : |
| | : No. 06-3231 |
| JOHN D. GREEN, et al. | : |

**ORDER-MEMORANDUM**

AND NOW, this 3rd day of August, 2007, plaintiff Joseph Wise's amended complaint is dismissed with prejudice for lack of subject matter jurisdiction. 28 U.S.C. §§ 1331, 1332.[1]

Plaintiff's amended complaint, read liberally,[2] is that on July 8, 2004, he was served with an eviction notice by defendant John D. Green and John Doe defendant of the Philadelphia Sheriff's Office. Amended complaint, pp. 3, 5. Some time after the eviction, plaintiff's personal belongings were removed from the premises by defendants Ola Randolph and Nicole Thompson and placed in a dumpster. Id., pp. 3, 4, 5. Plaintiff requests damages for the loss of his personal belongings. He also requests that the court quiet title. Id., p.6.[3]

---

[1] Relevantly, § 1331 states, "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 states, "The district court shall have original jurisdiction of all civil action, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

[2] Plaintiff's pro se amended complaint should be construed liberally, Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995), citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[3] This is plaintiff's fourth federal civil action filed in connection with his renovation of property located at 2001 West Hunting Park Avenue in Philadelphia. Plaintiff never owned the property, which was sold at sheriff's sale. Plaintiff was subsequently evicted from the property. See Wise v. Miller, U.S.D.C., E.D. Pa., Civ. A. No. 05-2820 (breach of contract and civil rights

This court lacks subject matter jurisdiction over plaintiff's claims. There is no diversity jurisdiction, inasmuch as plaintiff and defendants are Pennsylvania citizens. The claim, read broadly, is to quiet title to property, and to award plaintiff damages associated with the conversion of his personal property. These claims do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is no basis for the exercise of federal court jurisdiction, for which reason the amended complaint must be dismissed with prejudice.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

claims against Councilwoman Donna Reed Miller for failure of City to purchase property for plaintiff before it was sold at sheriff's sale dismissed on statute of limitations grounds); Wise v. Randolph, U.S.D.C., E.D. Pa., Civ. A. No. 05-5522 (quiet title action filed against successful purchaser of property at sheriff's sale, who prevailed in a state court action for ejectment against plaintiff, dismissed for lack of subject matter jurisdiction); Wise v. Carrafiella, U.S.D.C., E.D. Pa., Civ. A. No. 06-2233 (civil rights claims against judicial officers presiding over state court action in ejectment filed against plaintiff dismissed for lack of subject matter jurisdiction and for failure to state a claim under the *Rooker-Feldman* doctrine).